```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICKY LYNCH,

                        Plaintiff,
        -against-                               MEMORANDUM & ORDER
                                                10-CV-1252(JS)(GRB)
THE COUNTY OF NASSAU, DETECTIVE ERIC
M. BYROM, Shield #992, and KATHLEEN M.
RICE, District Attorney,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Ricky Lynch, pro se
                     #11A4769
                     Greene Correctional Center
                     165 Plank Road
                     P.O. Box 975
                     Coxsackie, New York 12051

For Defendants:      Liora M. Ben-Sorek, Esq.
                     Nassau County Attorney's Office
                     One West Street
                     Mineola, NY 11501
```

SEYBERT, District Judge:

Plaintiff Ricky Lynch ("Plaintiff") commenced this action pro se on March 16, 2010, asserting various claims under 42 U.S.C. § 1983 arising out of his arrest for burglary and criminal mischief in or around January 2010. Presently pending before the Court is Defendants Nassau County, Detective Eric M. Byrom, and District Attorney Kathleen M. Rice's (collectively, "Defendants") motion for judgment on the pleadings. For the following reasons, Defendants' motion is GRANTED.

BACKGROUND

I.  Factual Background[1]

In or about November 2009, Plaintiff was incarcerated in the Westchester County Jail to serve a ninety-day sentence on a misdemeanor conviction. (Compl. ¶ 6.) On December 9, 2009, Defendant Byrom, a detective in the Nassau County Police Department, obtained a warrant from a Nassau County District Judge to arrest Plaintiff for violating N.Y. PENAL LAW §§ 145.10 (Criminal Mischief in the Second Degree, a class D felony) and 140.20 (Burglary in the Third Degree, also a class D felony). (Compl. ¶ 10; Def. Mot. Ex. A.)

Thereafter, on or around January 6, 2010, Detective Byrom contacted the Nassau County Sheriff's Department ("NCSD") requesting that it execute the warrant on his behalf. (Compl. ¶ 11.) Pursuant to Detective Byrom's request, upon Plaintiff's release from the Westchester County Jail on January 7, 2010, NCSD executed the arrest warrant and took Plaintiff into custody. (Compl. ¶ 12.) Plaintiff asserts that NCSD attempted to contact Detective Byrom numerous times that afternoon and the following morning. (Compl. ¶¶ 12-13.) NCSD wanted to turn custody of Plaintiff over to Detective Byrom so he could have Plaintiff booked and processed prior to arraignment. (Compl.

---

[1] The following facts are drawn from Plaintiff's Second Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

¶ 12.) NCSD was unsuccessful in its efforts to reach Detective Byrom, so it retained custody of Plaintiff until his arraignment.

According to Plaintiff, after being only "partly arraigned," Judge Norman Janowitz adjourned the arraignment and Plaintiff's bail hearing because Plaintiff had not yet been booked or processed. (Compl. ¶¶ 14, 16.) Judge Janowitz instructed the Assistant District Attorney to ensure that Detective Byrom book and process Plaintiff prior to his next court date. (Compl. ¶ 17.) However, no efforts were made to contact Detective Byrom, and, when Plaintiff appeared for his next court date on January 12, 2010, he had still not been booked or processed. (Compl. ¶ 19.) Thus, the presiding judge, Judge Valerie Alexander, again postponed Plaintiff's bail hearing. (Compl. ¶ 23.)[2]

On or about February 18, 2010, Plaintiff was indicted by a grand jury on two counts of Burglary in the Third Degree and two counts of Criminal Mischief in the Second Degree. (Docket Entry 46, at 20.) Plaintiff had yet to be booked or processed; so, Nassau County Court Judge Meryl Berkowitz ordered Detective Byrom to have Plaintiff booked and processed by April 30, 2010. (Compl. ¶ 23.) Plaintiff subsequently moved for a

---

[2] Plaintiff asserts that he missed his sister's funeral, which was held on January 22, 2010, because he was not given an opportunity to post bail. (Compl. ¶ 24.)

dismissal of the indictment on speedy trial grounds, which was granted on August 26, 2011. (Compl. ¶¶ 48-50.)

## II. Procedural History

Plaintiff commenced this action pro se on March 16, 2010, against Detective Byrom and Nassau County District Attorney Kathleen Rice. (Docket Entry 1.) Defendants Byrom and Rice answered the Complaint on July 29, 2010. (Docket Entry 14.) Shortly thereafter, Plaintiff sought leave to file an Amended Complaint,[3] which was granted by Magistrate Judge Arlene R. Lindsay on October 10, 2011 (Docket Entry 29). Before Defendants could answer or otherwise respond to the Amended Complaint, Plaintiff sought leave to file a Second Amended Complaint,[4] which was granted by Magistrate Judge Gary R. Brown on January 30, 2012 (Docket Entry 45).

---

[3] Plaintiff actually made three separate motions to file an Amended Complaint. The first (Docket Entry 16) was denied with leave to renew for failing to provide a copy of the proposed Amended Complaint (Docket Entry 18), and the second (Docket Entry 21) was denied because Plaintiff had combined his proposed Amended Complaint, an affidavit, and his memorandum of law in one confusing document (Docket Entry 23). Plaintiff filed his third motion on June 10, 2011. (Docket Entry 26.) Defendants did not file any opposition.

[4] Plaintiff actually made two motions to file a Second Amended Complaint (Docket Entries 30, 40), as the first was denied for failing to provide a copy of the proposed Second Amended Complaint. Defendants did not oppose either of these motions.

The Second Amended Complaint names Nassau County, Detective Byrom, and District Attorney Rice as Defendants[5] and asserts claims under 42 U.S.C. § 1983 for deprivation of his procedural and substantive due process rights under the Fourteenth Amendment and for false arrest and malicious prosecution under the Fourth Amendment and New York State law.

Defendants filed their Answer on February 9, 2012 (Docket Entry 53), and, on May 14, 2012, they filed the pending motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docket Entry 65).

## DISCUSSION

The Court will first address the standard applicable to motions for judgment on the pleadings brought under Rule 12(c) before turning to the merits of Defendants motion.

I.   Standard of Review under Rule 12(c)

The standard for evaluating a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

---

[5] The Clerk of the Court is directed to amend the docket to reflect that Nassau County was named as a defendant in Plaintiff's Second Amended Complaint.

5

1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72. Although pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)), they must still comport with procedural and substantive rules of law, see Colo. Capital v. Owens, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

Further, in deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly

6

to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Consideration of matters beyond those just enumerated requires the conversion of the Rule 12(c) motion to dismiss to one for summary judgment under Rule 56. See FED. R. CIV. P. 12(d); see also Kramer, 937 F.2d at 773.

II. Defendants' Motion

Defendants argue that the Second Amended Complaint must be dismissed on the following grounds: (1) the Second Amended Complaint asserts no personal involvement of District Attorney Rice, and she is otherwise entitled to absolute prosecutorial immunity; (2) Detective Byrom is entitled to qualified immunity; and (3) the Second Amended Complaint has otherwise failed to state a claim upon which relief can be granted. Because the Court finds that the Second Amended Complaint fails to state a claim, it will not address the merits of Defendants' other arguments.

A. Malicious Prosecution and False Arrest Claims

Defendants argue that Plaintiff's false arrest and malicious prosecution claims must be dismissed because probable

7

cause existed for Plaintiff's arrest and prosecution. The Court agrees.

Lack of probable cause is an essential element of claims for false arrest and malicious prosecution under Section 1983. See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) ("A § 1983 claim of false arrest based on the Fourth Amendment right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest."); Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995) (stating that a plaintiff suing for malicious prosecution must establish, inter alia, "lack of probable cause for commencing the proceeding"). Probable cause for arrest exists "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). A finding of probable cause to arrest "defeats a malicious prosecution claim unless [the] plaintiff can demonstrate that at some point subsequent to the arrest, additional facts came to light that negated probable cause." Coyle v. Coyle, 354 F. Supp. 2d 207, 213 (E.D.N.Y. 2005) (internal quotation marks and citation omitted).

An arrest warrant creates a presumption of probable cause, see Williams v. Young, 769 F. Supp. 2d 594, 602 (S.D.N.Y.

8

2011), that can only be overcome if Plaintiff shows that "the officer who submitted the probable cause affidavit, 'knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false information or omitted information was necessary to the finding of probable cause,'" Olmeda v. Babbits, No. 07-CV-2140, 2008 WL 282122, at *8 (S.D.N.Y. Jan. 25, 2008) (quoting Spares v. State of Conn., 8 F.2d 917, 920 (2d Cir. 1993)); see also Artis v. Liotard, 934 F. Supp. 101, 103 (S.D.N.Y. 1996) ("A magistrate's finding of probable cause in issuing a warrant creates a presumption that probable cause existed, and is rebuttable only through proof of fraud, perjury or the misrepresentation or falsification of evidence.").[6]

Here, the Second Amended Complaint does not assert that Detective Byrom made a false statement to the judge who issued the arrest warrant or omitted any material information in his arrest warrant application.  Rather, Plaintiff asserts that Detective Byrom relied on "only DNA evidence that was linking plaintiff to a crime without any investigation" (Compl. ¶ 61) and that the arrest warrant was otherwise procured in bad faith.

---

[6] Plaintiff's indictment also creates a presumption of probable cause.  See Savino v. City of N.Y., 331 F.3d 63, 72 (2d Cir. 2003) ("[I]ndictment by a grand jury creates a presumption of probable cause . . . .").

9

With respect to Plaintiff's first argument--that Detective Byrom relied solely on DNA evidence--"[i]t is the [court]'s responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." United States v. Leon, 468 U.S. 897, 921, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). Here, the state court judge that reviewed Detective Byrom's warrant application found the DNA evidence sufficient to establish probable cause and, thus, issued an arrest warrant. Detective Byrom was entitled to rely on that judge's decision that probable cause existed. Id. ("In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination . . . ."); see also Olmeda, 2008 WL 282122, at *8. With respect to Plaintiff's second argument--that the warrant was procured in bad faith--although bad faith will overcome the presumption of probable cause created by a valid warrant, Plaintiff's conclusory assertion of bad faith, without more, is insufficient to defeat Defendants' motion. See Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006) ("'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss."' (second alteration in original) (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002))).

10

Accordingly, Plaintiff has failed to state a claim for false arrest or malicious prosecution, and those claims are hereby DISMISSED.[7]

B. <u>Due Process Claims</u>

Plaintiff's Second Amended Complaint also asserts that his due process rights were violated when he "was not given any opportunity . . . to be properly arraigned to post bail based upon the unlawful arrest and booking procedure that never took place for one hundred and twenty eight days, while being in jail, and no bail hearing took place for over one hundred and forty hours" from the time he was arraigned. (Compl. ¶ 30.)

New York Criminal Procedure Law 140.20(1) provides in pertinent part that:

> [u]pon arresting a person without a warrant, a police officer . . . must . . . without unnecessary delay bring the arrested person or cause him to be brought before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question.

While New York courts have interpreted this statute to mean that any delay over twenty-four hours is presumptively unnecessary, <u>People ex rel. Maxian v. Brown</u>, 164 A.D.2d 56, 66, 561 N.Y.S.2d

---

[7] Because claims for false arrest and malicious prosecution under Section 1983 are substantially the same as claims for false arrest and malicious prosecution under New York law, <u>see</u> <u>Weyant</u>, 101 F.3d at 852; <u>Russell</u>, 68 F.3d at 36, Plaintiff's state law claims are also dismissed.

11

418 (1st Dep't 1990), aff'd, 570 N.E.2d 233 (1991), the Second Circuit has held that Section 140.20 creates neither a private right of action nor, as argued by Plaintiff, a constitutionally protected liberty interest, see Watson v. City of N.Y., 92 F.3d 31, 37 (2d Cir. 1996) (finding "no indication that the New York legislature intended to create a new private right of action in enacting section 140.20" and noting that "[a]mple precedent establishes that a state rule of criminal procedure, such as section 140.20(1), does not create a liberty interest that is entitled to protection under the federal Constitution"); see also Pugliese v. Nelson, 617 F.2d 916, 924 (2d Cir. 1980) ("'Although a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural protections.'" (quoting Cofone v. Manson, 594 F.2d 934, 938 (2d Cir. 1979))). Thus, even assuming arguendo that Plaintiff's pre-arraignment detention exceeded the limit established by Section 140.20, "under the law of this Circuit, no constitutionally protected liberty interests were infringed as a result of the violation of the statutorily-established procedures." See Watson, 92 F.3d at 38 (noting that "[c]onstitutionalizing every state procedural right would stand any due process analysis on its head").

12

Accordingly, Plaintiff has failed to state a claim for deprivation of his due process rights, and those claims are hereby DISMISSED.

III. Leave to Replead

Although no request to replead was made by Plaintiff, the Court will consider whether Plaintiff should be given an opportunity to file a Third Amended Complaint. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend should be denied, however, when a plaintiff has repeatedly failed to cure the deficiencies in his complaint or when amendment would be futile. Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008). Here, Plaintiff has already had two bites at the apple, and the Court is not persuaded that a Third Amended Complaint would survive dismissal. See, e.g., Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (stating that a court may dismiss a complaint with prejudice "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"); Clark v. Cnty. of Nassau, No. 06-CV-0841, 2007 WL 1988811, at *2 (E.D.N.Y. July 5, 2007) (collecting cases). Thus, the claims in Plaintiff's Second Amended Complaint are DISMISSED WITH PREJUDICE. The Court will not grant Plaintiff leave to amend.

13

CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED, and Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Counsel for Defendants is ORDERED to serve a copy of this Memorandum and Order on the pro se Plaintiff and to file proof of service via ECF within forty-eight hours. The Clerk of the Court is directed to amend the docket to reflect that Nassau County was named as a defendant, see supra page 5 n.5, and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   December 18, 2012
         Central Islip, NY